Michele J. Beilke (SBN 194098)
mbeilke@huntonAK.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@huntonAK.com
Rafael N. Tumanyan (SBN 295402)
rtumanyan@huntonAK.com
HUNTON ANDREWS KURTH LLP
550 S. Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone: 213.532.2000
Facsimile: 213.532.2020

*Attorneys for Defendants*
ABBOTT LABORATORIES INC. dba
ABBOTT SALES, MARKETING
DISTRIBUTION CO, ABBOTT
LABORATORIES and ALEX MAZZENGA

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PINEDA,<br><br>              Plaintiff,<br><br>       v.<br><br>ABBOTT LABORATORIES, INC. a corporation, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO and ABBOTT NUTRITION; ABBOTT LABORATORIES, a corporation; ALEX MAZZENGA, and DOES 1 and 100, inclusive,<br><br>              Defendants. | Case No. 2:18-cv-03395-SVW-RAO<br><br>**DEFENDANT ALEX MAZZENGA'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:      June 11, 2018<br>Time:     1:30 p.m.<br>Ctrm:    10A<br><br>*[Request for Judicial Notice filed concurrently herewith]*<br><br>Complaint Filed:   March 7, 2018 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 11, 2018, at 1:30 p.m. in Courtroom 10A (10th Floor) of the above-captioned Court, Defendant Alex Mazzenga will, and hereby does, move the Court for an order dismissing the claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based upon the ground that Plaintiff has failed to state sufficient facts to state a claim upon which relief may be granted.  This Motion is based upon this Notice of Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice in Support of Motion to Dismiss, all pleadings and papers in the Court's file, and upon such oral argument as may be made at the hearing on the Motion.

Pursuant to Central District of California Rule L.R. 7-3, this motion is made following the conference of counsel which took place on May 7, 2018.

DATED:  May 14, 2018          **HUNTON ANDREWS KURTH LLP**

By: */s/ Julia. Y. Trankiem*
       Julia Y. Trankiem

Attorneys for Defendants
ABBOTT LABORATORIES INC. dba
ABBOTT SALES, MARKETING
DISTRIBUTION CO,  ABBOTT
LABORATORIES and ALEX MAZZENGA

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

After his termination, Plaintiff Ronald Pineda ("Plaintiff") sued his former employer, Abbott Laboratories, Inc. ("Abbott") for various violations of the Fair Employment and Housing Act ("FEHA"), wrongful termination, and intentional infliction of emotional distress.  Surprisingly (and apparently for the purposes of avoiding federal jurisdiction), Plaintiff also named individual defendant Alex Mazzenga, a District Manager at Abbott who had little to do with Plaintiff's employment or termination.  Plaintiff did not name as an individual defendant any of his actual supervisors, all of whom reside outside the State of California.

Plaintiff's sparse allegations regarding Mazzenga allege that Mazzenga's personnel actions constituted harassment and intentional infliction of emotional distress ("IIED").  However, because personnel actions are not a basis for either harassment or IIED claims, Plaintiff has failed to state a claim upon which relief can be granted, and his claims against Mazzenga must be dismissed.  As an additional basis for dismissal of these claims, Plaintiff never named Mazzenga in an administrative charge with the DFEH, a prerequisite for a harassment action.  Therefore on these separate grounds, Plaintiff's harassment claim against Mazzenga must also be dismissed.  Finally, Plaintiff's IIED claim is preempted by the California Workers' Compensation Act and must be separately dismissed on preemption grounds as well.  For these reasons, Mazzenga's Motion to Dismiss should be granted.

## II.    STATEMENT OF FACTS

Plaintiff is a former Abbott employee.  During the last few years of Plaintiff's employment, Mazzenga was a District Manager at Abbott.  Following Plaintiff's termination from Abbott in February 2017, Plaintiff filed an administrative charge with the DFEH ("DFEH Charge") on March 23, 2017.  This DFEH Charge generally alleged harassment by Abbott, but did not identify Mazzenga at all.  (Request for Judicial Notice in Support of Motion to Dismiss ("Request for Judicial Notice), Exh. 1).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

On January 29, 2018, Plaintiff amended his DFEH Charge ("Amended DFEH Charge"). This amendment also did not identify Mazzenga. (Request for Judicial Notice, Exh. 2).

Plaintiff filed the instant Complaint in March 2018, identifying Mazzenga as an individual defendant for the first time. Plaintiff alleges two causes of action against Mazzenga: 1) harassment under the FEHA and 2) Intentional Infliction of Emotional Distress. The only allegedly wrongful conduct which Plaintiff alleges Mazzenga engaged in towards him is: 1) depriving Plaintiff of a bonus in 2016; 2) finding fault with Plaintiff's performance; and 3) allegedly providing information about Plaintiff's performance to his supervisor, which she relied on in presenting Plaintiff with a performance improvement plan. (Complaint ¶¶ 12, 18).

## III.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

A motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the Complaint and requires dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In considering a motion to dismiss, a Court may consider the face of the Complaint as well as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### B.   Plaintiff's Harassment and IIED Claims Against Mazzenga Must Be Dismissed Because All of Plaintiff's Allegations Involve Personnel Decisions

The Complaint alleges only that Mazzenga denied Plaintiff a bonus and found fault with his performance. Because any decisions relating to Plaintiff's bonus and his performance are necessarily personnel decisions, they cannot form a proper basis for either a harassment or IIED cause of action.

Plaintiff's claim for IIED is barred by the managerial privilege doctrine because according to the Complaint, Mazzenga was acting within the scope of his employment

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   when the alleged conduct occurred. (Complaint ¶ 4). California law prohibits employees

2   from suing their managers and supervisors for merely discharging their employment duties

3   related to personnel actions. *See Jones v. Lodge at Torrey Pines*, 42 Cal.4th 1158 (2008);

4   *Sheppard v. Freeman*, 67 Cal.App.4th 339, 342 (1998); *Reno v. Baird*, 18 Cal. 4th 640,

5   646 (1998).  An individual defendant also cannot be held liable for those same personnel

6   decisions under a common law tort theory.  *Janken v. GM Hughes Electronics*, 46

7   Cal.App.4th 55, 80 (1996); *Phillips v. Gemini Moving Specialists*, 63 Cal.App.4th 563, 576

8   (1998) (no common law tort claim could be stated against individual defendant when a tort

9   has its basis in the employer-employee relationship and the defendant is not plaintiff's

10   employer).

11       Relatedly, Plaintiff cannot establish that any action on the part of Mazzenga was

12   sufficiently "outrageous," as required to establish liability for IIED, because "managing

13   personnel is not outrageous conduct beyond the bounds of human decency, but rather

14   conduct essential to the welfare and prosperity of society."  *Janken,* 46 Cal.App.4th at 80;

15   *see also Buscemi v. McDonnell Douglas Corp*. (9th Cir. 1984) 736 F.2d 1348, 1352

16   (holding that discipline or termination of employment, without more, cannot give rise to

17   liability for intentional infliction of emotional distress); *Veloz v. Sears, Roebuck & Co*.,

18   No. 2:16-CV-05982-SVW-GJS, 2017 WL 3013276, at **8-9 (C.D. Cal. July 13,

19   2017) (Wilson, J.) (noting that "under California law the management of personnel

20   cannot qualify as outrageous conduct that can support an IIED claim").   Based on

21   California case law and the allegations in the Complaint, Plaintiff cannot state a cause of

22   action for IIED against Mazzenga.

23       Nor can the personnel decisions be the basis for a FEHA harassment cause of action

24   either.  "Making a personnel decision is conduct of a type fundamentally different from the

25   type of conduct that constitutes harassment" and therefore personnel decisions cannot be

26   the basis for a harassment cause of action.  *Reno*, 18 Cal. 4th at 646; *see also Janken,* 46

27   Cal. App. 4th at 64 (holding that "personnel management authority properly delegated by

28   an employer to a supervisory employee might result in discrimination, but not in

3

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   harassment"). In *Gorom v. Old Dominion Freight Line Inc.*, for instance, individual

2   defendants allegedly denied the plaintiff's transfer request and request for

3   accommodation, accused the plaintiff of misconduct, and suspended the plaintiff.

4   *Gorom v. Old Dominion Freight Line Inc.*, No. 2:12-CV-08374-SVW, 2013 WL

5   195377, at *4 (C.D. Cal. Jan. 17, 2013) (Wilson, J.). This Court dismissed a

6   harassment cause of action against the individual defendants and determined that they

7   were sham defendants, noting, "There is no basis for the Court to infer that the

8   individual Defendants made any comments or gestures that could be construed as

9   harassment. Accordingly, the Complaint cannot possibly state a claim for

10  harassment." *Id.* Similarly here, the only allegations made against Mazzenga relate to

11  personnel actions on his part rather than to harassing behavior, and the harassment

12  claim against him must therefore be dismissed.

### C.   Plaintiff's Harassment Claim Against Mazzenga Must Additionally Be Dismissed Because He Failed to Exhaust His Administrative Remedies

15       Plaintiff's harassment cause of action must also be dismissed as to Mazzenga

16  because the DFEH charge he references in his Complaint shows that he failed to exhaust

17  his administrative remedies as to Mazzenga. "The timely filing of an administrative

18  complaint is a prerequisite to the bringing of a civil action for damages under the FEHA"

19  and must be affirmatively pled by the plaintiff. *Romano v. Rockwell Internat., Inc.,* 14

20  Cal.4th 479, 492 (1996); *Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336,

21  1345 (2014).

22       As part of the administrative charge, individual defendants must be identified by

23  name. "For a claimant to withhold naming of known or reasonably obtainable defendants

24  at the administrative complaint level is neither fair under the Act in its purpose of

25  advancing speedy resolutions of claims nor fair to known, but unnamed individuals, who at

26  a later date are called upon to 'personally' account in a civil lawsuit without having been

27  afforded a right to participate at the administrative level." *Valdez v. City of Los Angeles*,

28  231 Cal. App. 3d 1043, 1061 (1991). Thus, courts consistently hold that where an

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  individual is not identified by name in a DFEH charge, no civil action can be brought

2  against him. *Medix Ambulance Serv., Inc. v. Superior Court*, 97 Cal. App. 4th 109, 118

3  (2002) ("Plaintiff neither listed them in the administrative charge as an "employer" or

4  "person" against whom the claim was made, nor did she name them in the body of the

5  complaint form as the alleged perpetrators. Therefore the court should have sustained their

6  demurrer to the sexual harassment causes of action."); *Cole v. Antelope Valley Union High*

7  *Sch. Dist.*, 47 Cal. App. 4th 1505, 1511 (1996)("We conclude plaintiff is barred from suing

8  those individual defendants for failure to name them in the DFEH charge.").

9       Here, Plaintiff failed to specifically identify Mazzenga in the DFEH Charge or

10  Amended DFEH Charge as either the person against whom the claim was made, or even in

11  the body of the complaint form as one of the alleged perpetrators.  Plaintiff generally

12  alleged in his Complaint that he "exhausted his administrative remedies by filing a timely

13  administrative complaint with the Department of Fair Employment and Housing

14  ("DFEH") and receiving a DFEH right-to-sue letter. (Complaint ¶26.  However, he did

15  not – and indeed cannot – allege that this complaint and right to sue pertained specifically

16  to Mazzenga.[1]  Therefore, his Complaint fails to state a claim upon which relief can be

17  granted and the harassment cause of action must be dismissed as to Mazzenga.  *Minor v.*

18  *Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 982 (N.D. Cal. 2016) ("The Court

19  must generally dismiss unexhausted FEHA causes of action."); *Vizcaino v. Areas USA,*

20  *Inc.*, No. CV 15-417-JFW (PJWX), 2015 WL 13573816, at *2–3 (C.D. Cal. Apr. 17,

21  2015) (dismissing two of the plaintiff's causes of action without leave to amend  because

22  the "vague and conclusory allegations" in the DFEH complaint were insufficiently related

23  to those causes of action).  *See also Watkins v. Thomas*, No. 210CV08180JHNFMOX,

24  2011 WL 13217678, at *1–2 (C.D. Cal. Mar. 1, 2011) (dismissing harassment claim with

25

26  [1] Nor can Plaintiff file a new DFEH charge to allege a harassment claim against
    Mazzenga.  Under the FEHA, a plaintiff must file a timely and sufficient
27  administrative charge with the DFEH within one year after the unlawful practice
    occurred.  Cal. Gov't Code § 12960(d).  Here, Plaintiff's last day of employment with
    Abbott was February 23, 2017.  (Complaint ¶ 21).  As such, any filing of a DFEH
28  charge against Mazzenga is now untimely.

DEFENDANT ALEX MAZZENGA'S NOTICE OF MOTION AND MOTION TO DISMISS

1   prejudice because Plaintiff's DFEH complaint did not identify that specific cause of action

2   and therefore Plaintiff failed to exhaust administrative remedies as to harassment claim).

3       **D.   Plaintiff's IIED Claim Against Mazzenga Must Additionally Be
            Dismissed Because It is Preempted by the California Workers'
4           Compensation Act**

5       Plaintiff's claim for IIED against Mazzenga is also preempted by the California

6   Workers' Compensation Act. The California Workers' Compensation Act as codified in

7   Labor Code section 3200 *et. seq.* provides a detailed and comprehensive system of

8   remedies for work related injuries that are the "sole and exclusive remedy" for such

9   injuries and are available only in proceedings before the Workers' Compensation Appeals

10  Board. *See* Lab. Code §§3602(a), 5300. Subject to only limited exceptions, none of which

11  are relevant here, workers' compensation is the only remedy available to injured

12  employees against the employer responsible for injuries "arising out of and in the course of

13  employment." Lab. Code §§3600-3602, 5300; *Shoemaker v. Myers,* 52 Cal.3d. 1, 18

14  (1990).

15      The California Supreme Court has held that claims for IIED related to an

16  employee's discipline or termination are barred by the exclusive remedy provisions of the

17  Workers' Compensation Act. *Miklosy v. The Regents of the Univ. of Cal.*, 44 Cal.4th 876,

18  902-03 (2008) (Workers' Compensation Act preempted plaintiff employees' claims for

19  IIED allegedly suffered as a result of employer's whistleblower retaliation); *Charles J.*

20  *Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800, 814-815 (2001) (emotional

21  distress allegedly caused by employer's abusive conduct during termination process held

22  "collateral to or derivative of a compensable workplace injury"); *Cole v. Fair Oaks Fire*

23  *Protection Dist.*, 43 Cal.3d 148, 160 (1987) (claims are barred by the Workers'

24  Compensation Act "when the misconduct attributed to the employer is actions which are a

25  normal part of the employment relationship, such as demotions, promotions, criticism of

26  work practices"). An employee cannot "avoid the exclusive remedy provisions of the

27  Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous,

28  harassment, or intended to cause emotional disturbance." *Cole*, 43 Cal. 3d at 160.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT ALEX MAZZENGA'S NOTICE OF MOTION AND MOTION TO DISMISS

1    Here, Plaintiff's IIED claim is preempted because the alleged misconduct upon

2  which he apparently bases his claim is all part of his employment relationship with Abbott

3  – and certainly not related to any relationship with, or conduct by, Mazzenga that was

4  outside the course and scope of his managerial duties. Indeed, to allege that Mazzenga was

5  acting outside the scope of his managerial duties would contradict Plaintiff's statement that

6  Mazzenga's conduct was "within the course and scope of such agency and employment."

7  (Complaint ¶ 4). Because the claims are preempted, the IIED cause of action should be

8  dismissed as to Mazzenga. *Veloz,* 2017 WL 3013276, at **8-9; *Green v. Cox Commc'ns,*

9  *Inc.,* No. 15CV94-LAB (DHB), 2016 WL 308591, at *2 (S.D. Cal. Jan. 25, 2016)

10  (dismissing employee's IIED claim with prejudice because conduct alleged was "normal

11  part of the employment relationship" and were therefore preempted by the Workers'

12  Compensation Act)*; see also Dunlap v. Ass'n of Bay Area Governments*, 996 F. Supp. 962,

13  967 (N.D. Cal. 1998) (dismissing plaintiff's cause of action for negligent infliction of

14  emotional distress because it was preempted by the California workers' compensation

15  scheme).

## IV.    CONCLUSION

17    For the reasons set forth above, Plaintiff has failed to state a claim upon which relief

18  may be granted.  Defendant Alex Mazzenga therefore respectfully requests that this Court

19  grant his motion to dismiss the claims against him and that the claims be dismissed with

20  prejudice.

21  DATED:  May 14, 2018            **HUNTON ANDREWS KURTH LLP**

23                    By: */s/ Julia. Y. Trankiem*
                          Julia Y. Trankiem

24                        Attorneys for Defendants
25                        ABBOTT LABORATORIES INC. dba
                          ABBOTT SALES, MARKETING
26                        DISTRIBUTION CO,  ABBOTT
                          LABORATORIES and ALEX MAZZENGA

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT ALEX MAZZENGA'S NOTICE OF MOTION AND MOTION TO DISMISS

4259600000016 EMF_US 69342545v2