Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
William Reed, Esq., State Bar No. 261931
WReed@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:    (310) 860-0770
Facsimile Number:    (310) 860-0771

Attorneys for Plaintiff,
RONALD PINEDA

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RONALD PINEDA,<br><br>          Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC. a corporation, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO and ABBOTT NUTRITION; ABBOTT LABORATORIES, a corporation; ALEX MAZZENGA, and DOES 1 to 100, inclusive.<br><br>          Defendants. | Case No.:  CV 18-03395 SVW (RAOx)<br><br>**The Honorable Stephen V. Wilson**<br><br>**DECLARATION OF WILLIAM REED IN SUPPORT OF PLAINTIFF RONALD PINEDA'S MOTION AND MOTION FOR AN ORDER REMANDING THIS MATTER TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed concurrently with Memorandum of Points and Authorities; Request for Judicial Notice and Exhibits; and [Proposed] Orders)<br><br>Date:    June 18, 2018<br>Time:    1:30 p.m.<br>Ctrm.:   10A<br><br>Trial Date:    None Set<br>Action Filed:  March 7. 2017 |

# DECLARATION OF WILLIAM REED

I, William Reed, declare as follows:

1.   I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and this honorable Court.  I am an associate of the attorney of record for plaintiff, Ronal Pineda, in this case.  I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge.

2.   Attached hereto as **Exhibit 1**, is a true and correct copy of Plaintiff's Complaint for damages against Abbott Laboratories, Inc., Abbott Laboratories, and Alex Mazzenga, filed on March 7, 2018.

3.   Attached hereto as **Exhibit 2**, is a true and correct copy of defendants Abbott Laboratories, Inc. and Abbott Laboratories answer to Plaintiff's Complaint for damages against Abbott Laboratories, Inc., Abbott Laboratories, and Alex Mazzenga, dated April 20, 2018. No answer has been filed on his behalf to date.

4.   Attached hereto as **Exhibit 3**, is a true and correct copy of the proof of service of summons regarding Alex Mazzenga, dated April 23, 2018.

5.   Attached hereto as **Exhibit 4**, is a true and correct copy of defendants Abbott Laboratories, Inc. and Abbott Laboratories notice of removal to federal court, filed on April 23, 2018.

6.   Attached hereto as **Exhibit 5**, is a true and correct copy of the meet and confer email, and attached letter (also sent via US Mail) to Defendants' counsel regarding Plaintiff's intent to remove to amend and request for a stipulation to remand the back case to state court, dated May 1, 2018.

7.  Attached hereto as **Exhibit 6**, is a true and correct copy of Plaintiff's Department of Fair Employment and Housing charge of discrimination and right to sue, dated March 23, 2017.

///

---

8.   Attached hereto as **Exhibit 7**, is a true and correct copy of Plaintiff's first amended Department of Fair Employment and Housing charge of discrimination and right to sue, dated January 29, 2018.

9.   Attached hereto as **Exhibit 8**, is a true and correct copy of Plaintiff's second amended Department of Fair Employment and Housing charge of discrimination and right to sue, dated May 10, 2018.

10.   I began practicing law in December of 2008, after I graduated from California Western School of Law that same year.

11.   I am a senior associate with Shegerian and Associates and am tasked with litigating on behalf of many clients of the firm.  I primarily litigate employment-based claims such as wrongful termination of employment, retaliation, and discrimination cases in both state and federal court, including cases based upon violations of FEHA, CFRA, and FMLA, as well as violations of the California Labor Code.  My current requested, and Court approved, hourly rate is $500.00.

12.   I am familiar with the proper procedure for calculating hourly bills.  I understand which tasks are billable and which are not. All of the time that I spent on this motion was necessary to prepare it properly and diligently.

13.   I have spent approximately **15 hours** ($500.00 x 15 = $7,500.00) in researching, preparing, and drafting this motion.  I anticipate that it will take me an additional **5 hours** ($500.00 x 5 = $2,500.00) to review defendants' opposition and draft a reply, and to prepare for travel to, and appear at the hearing on this motion.   The filing fee for this motion is $60.00.  As such, my office has incurred costs in the amount of $7,560.00 and is likely to incur costs in the amount of $2,500.00, for a total of $10,060.00.

///

///

///

///

I declare, under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed on this 21st day of May, 2018, at Santa Monica, California.

_____

William Reed, Esq.

DECLARATION OF WILLIAM REED IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

# EXHIBIT 1

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
RONALD PINEDA

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 0 7 2018

Sherri R. Carter, executive Officer/Clerk

By: _____, Deputy
Moses Solo

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| RONALD PINEDA, | Case No.: BC 6 9 7 2 0 4 |
| Plaintiff, | **PLAINTIFF RONALD PINEDA'S COMPLAINT FOR DAMAGES FOR:** |
| vs. | **(1) VIOLATION OF FEHA;** |
| ABBOTT LABORATORIES, INC. a corporation, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO and ABBOTT NUTRITION; ABBOTT LABORATORIES, a corporation; ALEX MAZZENGA, and DOES 1 to 100, inclusive. | **(2) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;** |
| Defendants. | **(3) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;** |
| | **(4) RETALIATION FOR TAKING CFRA LEAVE IN VIOLATION OF FEHA;** |
| | **(5) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF FEHA;** |
| | **(6) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;** |
| | **(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Ronald Pineda, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Ronald Pineda ("plaintiff" or "Pineda"), whose employment with defendant Abbott Laboratories, Inc. and Abbott Laboratories was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Pineda is, and at all times mentioned in this Complaint was, a resident of the County of Orange, California.

2. *Defendants:* Defendant Abbott Laboratories Inc. ("Abbott Labs Inc.") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles and County of Orange. Defendant Abbott Laboratories ("Abbott Labs") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. (both entity defendants hereinafter collectively referred to as "Abbott".) Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles and County of Orange. Defendant Alex Mazzenga ("defendant" or "MAZZENGA") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant MAZZENGA is, and at all times mentioned in

this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, rati-

fied, and approved of by all other defendants.

5. Defendant Abbott Labs Inc. and Abbott Labs both directly and indirectly employed plaintiff Pineda, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, defendant Abbott Labs Inc., Abbott Labs, and MAZZENGA compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

8. The actions at issue in this case occurred in the State of California, in the County of Los Angeles and the County of Orange. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n any county in the state in which the unlawful practice is alleged to have been committed, in the county in which the records relevant to the practice are maintained . . . or in the county in which the aggrieved person would have worked or would have had access to the public accommodation but for the alleged unlawful practice, but if the defendant is not found within any of these counties, an action may be brought within the county of the defendant's residence or principal office . . .

(California Government Code § 12965(b).)

9. Here, Plaintiff worked in California, including in the Counties of Los Angeles and Orange. His principal office was in his home, but his primary function being sales, required him to travel throughout California, including the Los Angeles County, where he was unlawfully deprived of medically necessary work accommodations. The base city of his territory, as defined by Abbott, is Los Angeles.

///

///

///

10.   In fact, a central basis for his claim (and adverse employment action) is a false discriminatory, harassing, and retaliatory review he received in Los Angeles County at a restaurant near the Los Angeles International Airport.

11.   In July 2015 in Pasadena, Pineda was given a mid-year performance appraisal rating of "Partially Achieved" by Frank Weiss over the phone.   Pineda immediately complained that he was being discriminated based on his age.   Weiss became defensive and denied it, but is not believed to have followed through with Human Resources to report Pineda's complaint of age discrimination.

12.   In 2016, Pineda was deprived of his "spif" bonus for converting Greater El Monte Hospital in El Monte (located in LA county), which was to be given to a new employee, believed to be under the age of 40, who was not even employed by Abbott when this process was initiated. Directly responsible for this, was defendant MAZZENGA, a younger employee believed to be in his early 30's.

13.   What's more, Defendants maintain a principal office in Sylmar, within the County of Los Angeles, where both entity Defendants reside.

14.   "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id.* at 487.)

///

///

///

///

///

## FACTS COMMON TO ALL CAUSES OF ACTION

15. *Plaintiff's hiring:*   Ronald Pineda was a dedicated employee of entity Defendants for 25 years beginning in 1992 as a Medical Nutritional Representative.

16. *Plaintiff's job performance:*   Pineda worked for the Company without incident for 21 years before he began receiving write ups and harassment at the hand of his managers when crossed the age of 50. Prior thereto, he had received nothing but positive reviews.

17. *Plaintiff's protected status and activity:*

a.  Plaintiff is 56 years old.

b.  Plaintiff has, and/or had at the time of his employment, disabilities/medical conditions that limit one or more major life activities, which include, but are not limited to, anxiety, maladies, decreased cognitive skill, balance problems, issues with motor muscle control, issues controlling his non-verbal expressions, sleep disturbances, loss of memory, impaired comprehension of conversations, verbal communication issues, and interrupted speech patterns.

18. *Defendants' adverse employment actions and behavior:*

a.  In December 2014, following 21 years of positive performance reviews, Pineda's then-manager Kirk Arnold presented him with a "partially achieved" performance review, which explained "improvement needed in core competencies." While Arnold was busy conjuring up blemishes on Pineda's record, outside bodies continued to view his work positively. For example, he was ranked first among his Regional Account Manager peers in a negotiation workshop in March 2015, and, a month later, second in objective sales measures among his peers.

b.  Nevertheless, new manager Frank Weiss, along with MAZZENGA, began finding fault with Pineda right away. However, the grand majority of these "complaints" lacked merit. For example, Pineda's 2015 midyear review was based on low sales numbers that were simply due to a client not having yet submitted their chargeback claims. Despite the fact that Pineda brought this to Weiss' attention, nothing was done.

c. Even at this early juncture, Pineda saw the writing on the wall—extrapolating the Company's sudden hostility to discrimination based on his age. This conclusion did not take much of a leap in logic, as Pineda had witnessed his superiors, including MAZZENGA, systematically write up and harass his cohort of older employees. The pattern was always the same: approach 50, and your performance suddenly becomes just okay, and progressively gets worse until driven to quit, or are terminated, all of course before your pension vests and/or increases in value, such as before one becomes "retirement eligible" and eligible to participate in the 2009 Incentive Stock Program at age 55, the Abbott Stock Retirement Plan, the Abbott Annuity Retirement Plan, and before receipt of lifetime medical benefits.

d. In line with the above, pattern and practice of placing older employees on PIP's and push them out (via harassment and quitting or termination) between 49-52 years of age (or as soon as possible thereafter if not), in a systematic effort to prevent pension vesting, or, at least to limit the dollar amount of the pension received and escape payment of lifetime medical benefits exists.

e. In light of this backdrop, the Company's treatment of Pineda - at the hand of three separate managers (Arnold, Weiss, and Tanner, along with district manager MAZZENGA) starting in December 2014 (at age 53) makes perfect sense, and is just another manifestation of Abbott's "youth culture." In 2013 - in a moment of candor just before Pineda was slated for exit -Arnold told him that younger employees have a "long runway" at Abbott, while in contrast older ones have a "short runway."

f. Where Arnold, Weiss, and MAZZENGA began the job, Tanner finished it. Known in Abbott circles for being a micro-manager who could drive even the most committed employee to a state of abject anxiety, Tanner entered the picture in August 2015, and promptly (and expertly) escalated the Company's harassment of Pineda. Nothing was good enough, no job complete. If there is anything that can be made of Tanner's convoluted evaluations of Pineda, it is that they consistently focus on intangibles - buried in paragraphs of industry jargon - and intentionally avoided

objective measures of performance at all costs. Instead, his focus was on things like the need to "drill down," the need for "core competency improvement" or the improvement of "relationships."

g.   What's more, the frequency of reprimand shows that Pineda was given no meaningful opportunity to improve his alleged shortcomings before the next onslaught. The temporal proximity of the reprimands reveals that this was a drive to paper the file and terminate employment; not a proper issuance of coaching with meaningful opportunity to improve.

h.   In February 2016, Pineda was rear ended in the Company vehicle that he was driving. He sustained severe injuries, and in the following days experienced a variety of maladies, including anxiety, decreased cognitive skill, balance problems, sleep disturbances and interrupted speech patterns. Pineda filed for workers' compensation with Matrix and took one sick day, ultimately departing for a medical leave that February, from which he returned in August 2016.

i.   The Company conveniently ignored Pineda's ensuing disabilities, and treated his performance by the same barometer that it had previously. For example, just eleven days after the accident (and eight days after Pineda had explicitly informed Tanner about the impact of the accident on him), Tanner issued a PIP that harped on Pineda's non-verbal expressions, despite the fact that she had just been informed that his ability to control his non-verbal expressions had been impacted by the accident. Needless to say, no mention of Pineda's disabilities was made, and any need for accommodations was ignored. The PIP of course made no allowance for them. Masquerading as "coaching and feedback," the document ticked off performance standards that the Company knew were impossible given Pineda's medical condition.

///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

j.  As discussed above, Pineda then went on leave and returned to work with restrictions on August 10, 2016. Just five days later, on August 15, 2016, Tanner – utilizing information believed provided to him by MAZZENGA and others – presented him with but another PIP. Simultaneously, Pineda began mysteriously experiencing problems accessing the SFDC computer application, which destroyed his ability to meet the standards presented in the PIP. Pineda brought this difficulty to Tanner's attention, but she did nothing to fix it.

k.  Then, on September 8, 2016, likely as a result of the stress and anxiety caused by Tanner's harassment, Pineda fainted, was rushed to the ICU, and diagnosed with a brain hemorrhage and cracked skull. This second medical event resulted in further cognitive deficits, including loss of memory, impaired comprehension of conversations, and verbal communication problems. Pineda again went out on leave; slated to return on September 26th, the leave was extended to October 17th. On October 28th, the Company informed Pineda that it could no longer hold open his position and that he was required to return to work on November 10th. When Pineda requested accommodations, he was told that Matrix, not Abbott, would have to deal with that. When Pineda then submitted a doctors' note stating that he required 4-hour work days through December 31, 2016 (in addition to other accommodations such as that large assignments be divided into smaller tasks), the Company scheduled a brief phone call to discuss the requested accommodation - and promptly denied it. Setting aside the fact that the requested accommodation merely sought four-hour work days for the next six-weeks, Tanner abjectly denied it and demanded that Pineda immediately return to work for full eight hour days. Indeed, the entire "interactive discussion" between Tanner and Pineda consisted of Tanner attempting to elicit admissions from Pineda that he was unable to perform the critical functions of his job.

l.  As discussed above, Pineda had to fight for his spif for converting Greater El Monte Hospital, which was going to be given to a young new employee by MAZZENGA, and was not even acknowledged as being on the AHMC Team.

m. During the course of Abbott's above described campaign against him, Pineda repeatedly complained about the discrimination and harassment that he was experiencing. Pineda also disputed subsequent performance write-ups issued by Tanner and in those again mentioned discrimination and harassment. In so doing, Pineda was merely following Abbott's own "Complaint Procedure," which directs: "'The Company expects individuals to report all perceived incidents of discrimination, harassment or retaliation ... any reported allegation of harassment, discrimination or retaliation will be investigated promptly ... [a]n individual who makes a good faith complaint under this policy ... is protected from retaliation."

n. Unfortunately, Abbott did not follow its own policy, and its HR failed to enter into any substantive investigation. For example, no witnesses were interviewed – and conveniently, the Company found that "no discrimination" was occurring.

19. *Other complaints of discrimination and harassment fall on deaf ears:*

a. March 2016: Pineda submits a written letter to Human Resources regarding disability and age discrimination and harassment;

b. June 2016: Counsel for Pineda submits a demand letter to Abbott regarding the same issues mentioned directly above;

c. September 2016: Pineda writes an email to Human Resources explaining that the PIP issued to him by Tanner contains unrealistic goals and sets him up for failure, as well as discussing other harassment by Tanner;

d. February 2017: Pineda tells Human Resources that Tanner's use of language about his performance targets his disabilities.

20. *Defendants' unlawful termination of plaintiff's employment:* On information and belief, Abbott then terminated Pineda's employment due to his age, disability/medical condition, medical leave, need for an accommodation, and in retaliation for his having engaged in protected activity.

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

a.   Abbott never expected Pineda to return to work at full capacity by its stated November 10, 2016 deadline - but much to its chagrin, his doctor released him to return and he showed up ready to work. In a truly "back to the drawing board" moment for Tanner, who once again began churning out performance write-ups, Tanner penned another PIP for Pineda just a few weeks later. Said PIP again memorialized things like non-verbal expressions, and vagaries like "executive persuasiveness," "team leadership," and "sense of urgency," again ignoring Pineda's disabilities/medical condition, and the limitations he suffered therefrom. In February 2017, Pineda called an HR manager and explained his concerns with the report, and Tanner's increased harassment.

21.   At the end of it's charade, the Abbott finally terminated Pineda's employment on February 23, 2017, and replaced Pineda with a much younger 28-year old employee.

22.   *Economic damages:*   As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

23.   *Non-economic damages:*   As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

24.   *Punitive damages:*   Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a.   *Malice:*   Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his disability/medical condition (actual, perceived, and/or history of physical disability) age, and/or good faith complaints, and/or (b) defendants'

PLAINTIFF'S COMPLAINT FOR DAMAGES

conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:*   In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his disability/medical condition (actual, perceived, and/or history of physical disability) age, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:*   In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

25. *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

26. *Exhaustion of administrative remedies:*  Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

**(Violation of FEHA (Government Code § 12900, *et seq.*)**

**(Discrimination [Against Entity Defendants and Does Only],**

**Harassment [Against all Defendants], and Relation [Against**

**Entity Defendants and Does Only])**

27.   The allegations set forth in paragraphs 1 through 26 are re-alleged and incorpo-rated herein by reference.

28.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following bases for liability:

a.   Taking adverse employment actions against the plaintiff, such as discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's disability/medical condition (actual, perceived, and/or history of physical disability) and/or age in violation of Government Code section 12940(a);

b.   Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's disability/medical condition (actual, perceived, and/or history of physical disability) and/or age in violation of Government Code section 12940(j);

c.   Failing to accommodate plaintiff's actual, perceived, and/or history of phys-ical disability, in violation of Government Code section 12940(m);

d.   Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e.   Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

///

///

f.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA, such as participating in protected activities (including testifying), consulting with an attorney related to employment issues (including FEHA related issues), and/or opposing defendants' failure to provide such rights, including but not limited to leave rights, intermittent leave rights, rights of reasonable accommodation, rights of interactive process, rights related to the filing of a worker's compensation claim, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h).

g.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of physical disability/medical condition, age, and/or other protected characteristic in violation of Government Code section 12940(k);

29.   Plaintiff's actual, perceived, and/or history of disability/medical condition, age, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against plaintiff.

30.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

31.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

32.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

PLAINTIFF'S COMPLAINT FOR DAMAGES

33. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION

### (Failure to Engage in Interactive Process (Government Code § 12940(a), (i), (m), (n))— Against Entity Defendants Only, and Does 1 to 100, Inclusive)

34. The allegations set forth in paragraphs 33 through  are re-alleged and incorporated herein by reference.

35. At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees.

36. Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate his known disabilities.  Instead, defendants terminated plaintiff's employment in part because of his disabilities, and retaliated against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, intermittent leave rights, and/or the right to be free of discrimination, in violation of Government Code sections 12940(a), 12940(h), and 12945.2(l).

37. Plaintiff believes and on that basis alleges that his disability was a motivating factor in defendants' termination of his employment.

38. As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

///

39.   As a proximate result of defendants' willful, knowing, and intentional miscon-
duct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and
physical and mental pain and anguish, all to his damage in a sum according to proof.

40.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
Plaintiff is at present unaware of the precise amounts of these expenses and fees and will
seek leave of court to amend this Complaint when the amounts are fully known.

41.   Defendants'   misconduct   was   committed   intentionally,   in   a   malicious,
fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against
defendants.

## THIRD CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12940(a), (i), (m),
### (n)) (Failure to Provide Reasonable Accommodation)—
### Against Entity Defendants Only, and Does 1 to 100,
### Inclusive)

42.   The allegations set forth in paragraphs 1 through 41 are re-alleged and incorpo-
rated herein by reference.

43.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i),
(m), and (n), was in full force and effect and was binding on defendants.   This statute
requires defendants to provide reasonable accommodations to known disabled employ-
ees.

44.   Defendants wholly failed to attempt any reasonable accommodation of plain-
tiff's known disability.   Instead, defendants used plaintiff's disability and his need to
take medical leave as an excuse for terminating plaintiff's employment, and retaliated
against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing
defendants'   failure   to   provide   such   rights,   including   rights   of   reasonable
accommodation, rights of interactive process, leave rights, intermittent leave rights,
and/or the right to be free of discrimination, in violation of Government Code sections

PLAINTIFF'S COMPLAINT FOR DAMAGES

12940(a), 12940(h), and 12945.2(l).

45.   Plaintiff believes and on that basis alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' termination of his employment.

46.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

47.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

48.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

49.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION
### (Violation of FEHA (Government Code § 12900,
### *et seq.*) (Retaliation for Taking CFRA Leave)—
### Against Entity Defendants Only, and Does 1 to 100,
### Inclusive)

50.   The allegations set forth in paragraphs 1 through 49 are re-alleged and incorporated herein by reference.

51.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

///

a. Taking adverse employment actions against the plaintiff, such as Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's taking protected CFRA leave, in violation of Government Code sections 12940(a), 12940(h), and 12945.2(l);

b. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, intermittent leave rights, and/or the right to be free of discrimination, in violation of Government Code sections 12940(a), 12940(h), and 12945.2(l).

52.  As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

53.  As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

54.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

55.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12940(k)

### (Failure to Prevent Discrimination, Harassment,

### and Retaliation)—Against Entity Defendants

### Only, and Does 1 to 100, Inclusive)

56.   The allegations set forth in paragraphs 1 through 55 are re-alleged and incorpo-rated herein by reference.

57.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all rea-sonable steps necessary to prevent discrimination and harassment from occurring."

58.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff's being treated less favorably because of plaintiff's protected status (*e.g.,* his age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints). During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes.  During the course of plaintiff's employment, defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of age, disability/medical condition, medical leave, need for accommodations, good faith complaints and/or other protected statuses or protected activities.

59.   Plaintiff believes, and on that basis alleges, that his age, disability/medical condition, medical leave, need for accommodations, good faith complaints, and/or other protected status and/or protected activity were substantial motivating factors in defendants' employees' discrimination and retaliation against him.

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

60.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

61.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

62.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

63.   Defendants' misconduct was committed intentionally, in a malicious, oppressive, and fraudulent manner entitling plaintiff to punitive damages against defendants.

## SIXTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy (FEHA and Labor Code)—Against Entity Defendants Only, and Does 1 to 100, Inclusive)

64.   The allegations set forth in paragraphs 64 through    are re-alleged and incorporated herein by reference.

65.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, plaintiff's employment was terminated in part because of his protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as his having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement).  These actions were in violation of FEHA and the California Labor Code (including section 132a).

66.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum

-20-

according to proof.

67.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

68.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)—Against All

### Defendants and Does 1 to 100, Inclusive)

69.   The allegations set forth in paragraphs 1 through 68 are re-alleged and incorporated herein by reference.

70.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff Hussain constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

71.   Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of his livelihood, would devastate plaintiff and cause him extreme hardship.

72.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

73.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

///

///

74. Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

## PRAYER

WHEREFORE, plaintiff, Ronald Pineda, prays for judgment against defendants as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4.   For reasonable attorneys' fees;

5.   For costs of suit incurred;

6.   For declaratory relief;

7.   For equitable relief, such as reinstatement, instatement, the provision of opportunities to make up any lost promotional prospects, and the restoration of seniority, along with any other grounds for equitable relief that may arise during this litigation and any other equitable relief deemed proper by the Court.

8.   For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Ronald Pineda, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated:  March 7, 2018          SHEGERIAN & ASSOCIATES, INC.

By:  _Carney R. Shegerian_
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
RONALD PINEDA

-22-

PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT 2

1  Michele J. Beilke (SBN 194098)
   mbeilke@huntonAK.com
2  Julia Y. Trankiem (SBN 228666)
   jtrankiem@huntonAK.com
3  Rafael N. Tumanyan (SBN 295402)
   rtumanyan@huntonAK.com
4  HUNTON ANDREWS KURTH LLP
   550 S. Hope Street, Suite 2000
5  Los Angeles, CA  90071
   Telephone:  213.532.2000
6  Facsimile:  213.532.2020

7  *Attorneys for Defendants*
   ABBOTT LABORATORIES INC. dba ABBOTT
8  SALES, MARKETING DISTRIBUTION CO AND
   ABBOTT NUTRITION and ABBOTT
9  LABORATORIES

10

11              SUPERIOR COURT OF CALIFORNIA

12      FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13

14  RONALD PINEDA,                    Case No. BC 697204

15              Plaintiff,            **DEFENDANTS' ANSWER TO PLAINTIFF'S
                                       COMPLAINT FOR DAMAGES**
16      v.
                                       Complaint Filed:    March 7, 2018
17  ABBOTT LABORATORIES, INC. a corporation,
    DBA ABBOTT SALES, MARKETING
18  DISTRIBUTION CO and ABBOTT NUTRITION;
    ABBOTT LABORATORIES, a corporation; ALEX
19  MAZZENGA, and DOES 1 and 100, inclusive,

20              Defendants.

21

22

23

24

25

26

27

28

*Hunton Andrews Kurth LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants Abbott Laboratories Inc. dba Abbott Sales, Marketing & Distribution Co. [1] and Abbott Laboratories ("Abbott") hereby answer the unverified Complaint of Plaintiff Ronald Pineda ("Plaintiff"), on behalf of themselves and no other defendants, as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30, Abbott denies, generally and specifically, each and every allegation set forth in the unverified Complaint, each and every purported cause of action in it, and further denies that Plaintiff has been damaged in the manner alleged. Abbott also denies that it is liable to Plaintiff in any manner whatsoever or in any amount.

Without waiving or excusing any of Plaintiff's own burdens of proof and production of evidence, Abbott alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Abbott alleges, based on information and belief, that the Complaint, and each purported cause of action set forth therein, fails to allege facts sufficient to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Abbott alleges, based on information and belief, that Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitation, including, but not limited to, those set forth in Government Code Sections 12960 and 12965 and Code of Civil Procedure Section 335.1.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3.      Abbott alleges, based on information and belief, that certain of the causes of action alleged in Plaintiff's Complaint, or portions thereof, fall outside the jurisdiction of this Court in that Plaintiff has

---

[1] Plaintiff erroneously lists Abbott Nutrition as a dba for Abbott Laboratories, Inc.  Abbott Nutrition is actually division of Abbott Laboratories; it is not a separate entity.

2

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   failed to satisfy the jurisdictional prerequisites to bringing this Complaint by exhausting his available

2   administrative remedies as required by law.

3   **FOURTH AFFIRMATIVE DEFENSE**

4   **(Lack of Subject Matter Jurisdiction)**

5   4.      Abbott alleges, based on information and belief, that there is a lack of subject matter

6   jurisdiction over the claims and allegations in Plaintiff's Complaint that relate to matters not reasonably

7   related to any charge filed by Plaintiff in a timely manner with the appropriate government agency.

8   **FIFTH AFFIRMATIVE DEFENSE**

9   **(Exclusive Remedy – Workers' Compensation Act)**

10   5.      Abbott alleges, based on information and belief, that the Court lacks jurisdiction over the

11   subject matter of some of Plaintiff's claims for relief because the exclusive remedy for his purported

12   injuries lies under the California Workers' Compensation Act, California Labor Code Sections 3600, *et*

13   *seq.*

14   **SIXTH AFFIRMATIVE DEFENSE**

15   **(Workers' Compensation Act Preemption)**

16   6.      Abbott alleges, based on information and belief, that Plaintiff's Complaint, in whole or in

17   part, is preempted or otherwise barred by California Workers' Compensation Act, California Labor Code

18   Sections 3600, *et seq.*

19   **SEVENTH AFFIRMATIVE DEFENSE**

20   **(After-Acquired Evidence Doctrine)**

21   7.      Abbott alleges, based on information and belief, that Plaintiff's Complaint, and each and

22   every cause of action alleged therein, is barred by the doctrine of after-acquired evidence.

23   **EIGHTH AFFIRMATIVE DEFENSE**

24   **(Laches)**

25   8.      Abbott alleges, based on information and belief, that Plaintiff's Complaint, and each

26   purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     Abbott alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff has unclean hands with respect to the claims asserted.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver/Ratification/Estoppel/Consent)

10.     Abbott alleges, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, ratification, estoppel, and/or consent.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

11.     Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

12.     Abbott alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred because Abbott at all times acted in good faith and relied in good faith upon standards and guidelines set forth in applicable federal and state laws and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Comparative Negligence)

13.     Although Abbott denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Abbott alleges, based on information and belief, that the losses or damages sustained by Plaintiff were caused by the acts or omissions of Plaintiff and any loss or injury attributable to Abbott must be reduced by Plaintiff's comparative fault or negligence contributing to and proximately causing such damage.

4

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Legitimate, Non-Discriminatory, and Non-Retaliatory Reasons)

14.    Although Abbott denies engaging in the conduct alleged in the Complaint, if it is determined that the conduct alleged is legally attributable to Abbott, then Abbott alleges that its conduct towards Plaintiff was based on legitimate, non-discriminatory, and non-retaliatory reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Same Decision)

15.    Although Abbott denies engaging in the conduct alleged in the Complaint, if it is determined that the conduct alleged is legally attributable to Abbott, then Abbott alleges that it would have made the same decision based on legitimate, non-discriminatory, and non-retaliatory reasons. *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences Doctrine)

16.    Abbott alleges, based on information and belief, that Abbott conducted an appropriate and good faith investigation and responded to matters brought to its attention by Plaintiff, if any, and Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged discrimination, harassment, and retaliation. Therefore, Plaintiff's damages claims are barred, in whole or part, by the avoidable consequences doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Individual Liability)

17.    Abbott alleges that Plaintiff's claims are barred to the extent that there is no individual liability available for some of the claims asserted, and individuals may not be held liable for making personnel decisions which are an inherent and unavoidable part of their job function.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Specific Malice)

18.    Abbott lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, oppression or ill intent towards Plaintiff. Therefore, Plaintiff is not entitled to punitive damages.

5

## NINETEENTH AFFIRMATIVE DEFENSE

### (Prompt Corrective Action)

19.   Abbott alleges, based on information and belief, that it exercised reasonable care to investigate, prevent and promptly correct any allegedly harassing or retaliatory behavior, to the extent that it occurred and Plaintiff complained to Abbott about it.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Severe and Pervasive)

20.   Plaintiff's claims are barred because the alleged incidents of harassment were not sufficiently severe or pervasive as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Welcomed Conduct)

21.   Plaintiff welcomed any conduct alleged to be harassing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Managerial Privilege)

22.   Abbott alleges, based on information and belief, that Plaintiff's claims are barred, in whole or in part, because Abbott's actions (and that of its agents and employees) were a just and proper exercise of management discretion, undertaken for a fair and honest reason, and regulated by good faith under the circumstances then existing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Ratification)

23.   Abbott alleges, based on information and belief, that any and all conduct of any and all individuals of the type alleged in the Complaint, if and to the extent that it occurred at all, was outside the course and scope of such persons' agency and employment with Abbott and was neither known to, nor ratified by, Abbott.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Business Judgment)

24.     Although Abbott denies engaging in the conduct alleged in the Complaint, if it is determined that the conduct alleged is legally attributable to Abbott, then Abbott alleges, based on information and belief, that Abbott acted in accordance with reasonable and sound business judgment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

25.     Abbott alleges, based on information and belief, that Plaintiff's damages, if any, were proximately caused by Plaintiff's own acts or omissions, or the acts or omissions of some third party or parties, and that any judgment rendered against Abbott must be reduced or denied accordingly.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

26.     Abbott alleges, based on information and belief, that some or all of the damages claimed by Plaintiff in the Complaint are speculative and cannot be recovered from Abbott.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Violation of Due Process Clause)

27.     Abbott alleges, based on information and belief, that to the extent Plaintiff seeks unspecified punitive damages, such claim and damages are contrary to the due process and equal protection clauses and other clauses of the United States and California Constitutions and the protections afforded by the Fifth and Fourteenth Amendments of the United States Constitution and the standards set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *TXO Prod. Corp. v. Alliance Res., Inc.*, 509 U.S. 443, 113 S. Ct. 2711 (1993), and *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S. Ct. 1032 (1991).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

28.     Abbott alleges, based on information and belief, that to the extent Plaintiff seeks to recover penalties, any such award would be improper as unjust, arbitrary, oppressive and/or confiscatory.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

29.    Although Abbott denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Abbott is informed and believes, and based thereon alleges, that Plaintiff has failed to mitigate his purported damages, and further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Intervening Causes)

30.    Abbott alleges that Plaintiff's damages, if any, are the proximate result of independent, intervening, or superseding causes, including, without limitation, the conduct of Plaintiff or others, for which or whom Abbott was and is not responsible. Therefore, Plaintiff's damages, if any, are unrelated to any conduct on the part of Abbott and the Court must reduce or deny any judgment rendered against Abbott, accordingly.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Pre-Existing Condition)

31.    To the extent Plaintiff suffered any symptoms of mental or emotional distress, or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of the employer.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Multiple Recovery)

32.    Plaintiff's claims are barred in whole or in part to the extent that Plaintiff seeks multiple recovery for the same alleged wrong or wrongs

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Essential Job Duty)

33.    Although Abbott denies that it engaged in the misconduct attributed to it, Abbott is informed and believes, and based thereon alleges, that Plaintiff was unable to perform an essential job duty even with reasonable accommodations

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (No Employment Relationship)

34.   With respect to the claims alleged in the Complaint, the only employer is Abbott Laboratories Inc.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Jurisdiction)

35.   The claims alleged in the Complaint are barred for lack of subject matter jurisdiction and personal jurisdiction over Abbott on the basis that Abbott is an Illinois (and not a California) corporation.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

#### (Vague and Ambiguous)

36.   To the extent the Complaint is vague, ambiguous, indefinite and uncertain; Abbott reserves the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

### ADDITIONAL DEFENSES

#### (Reservation of Rights)

37.   Abbott reserves the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

9

**WHEREFORE**, Abbott prays for judgment in its favor and against Plaintiff as follows:

    1.    That the Complaint be dismissed with prejudice;

    2.    That Plaintiff take nothing by way of the Complaint;

    3.    That judgment be rendered in favor of Abbott;

    4.    That Abbott be awarded attorneys' fees and costs of suit incurred herein; and

    5.    For such other and further relief as this Court may deem just and proper.

DATED:  April 20, 2018

                         **HUNTON ANDREWS KURTH LLP**

By: _____
            Rafael N. Tumanyan
            Attorney for Defendants
            ABBOTT LABORATORIES INC. dba ABBOTT
            SALES, MARKETING DISTRIBUTION CO AND
            ABBOTT NUTRITION and ABBOTT
            LABORATORIES

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

10

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On April 20, 2018, I served the following document(s)  on the interested party(ies) below as follows:

### DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐ **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒ **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:**  I delivered the envelope by hand on the addressee, addressed as stated above.

☐ **By FEDERAL EXPRESS:**  by causing same to be delivered via Federal Express to the addressee(s).

☐ **By ELECTRONIC MAIL:**  by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

Carney R. Shegerian, Esq.                    *Attorney for Plaintiff*
Anthony Nguyen, Esq.
Shegerian & Associates, Inc.                 Tel:  310.860.0770
225 Santa Monica Boulevard, Suite 700        Fax: 310.860.0771
Santa Monica, CA 90401


I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 20, 2018, Los Angeles, California.

Connie Torres

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

99900.15894 EMF_US 69123894v1

EXHIBIT 3

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shegerian & Associates, Inc.<br>Carney R. Shegerian, Esq. SBN 150461<br>225 Santa Monica Blvd. Suite 700<br>Santa Monica, CA 90401<br>  TELEPHONE NO: (310) 860-0770          FAX NO *(Optional)*:<br><br>ATTORNEY FOR *(Name)*:  Plaintiff | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles<br>  STREET ADDRESS:  111 North Hill Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:   Los Angeles, 90012<br>  BRANCH NAME:  Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse |
|---|

| PLAINTIFF / PETITIONER:   RONALD PINEDA<br>DEFENDANT / RESPONDENT:  ABBOTT LABORATORIES, INC., A CORPORATION, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO AND ABBOTT NUTRITION, ET AL. | CASE NUMBER:<br>BC 697204            Dept. 49 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>2190904 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. a. Party served *(specify name of party as shown on documents served)*:
      ALEX MAZZENGA
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   208 41ST STREET, MANHATTAN BEACH, CA 90266-3141
5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                        (2) at *(time)*:
   b. [X] by substituted service. On *(date)*:  Fri, Apr 20 2018         at *(time)*:   09:00 AM         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      Whitney Mazzenga, Co-Occupant
      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [X]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
            from *(city)*:                               or [X] a declaration of mailing is attached.
      (5) [X]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:  RONALD PINEDA | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  ABBOTT LABORATORIES, INC., A CORPORATION, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO AND ABBOTT NUTRITION, et AL. | BC 697204 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)   on *(date)*:                (2)   from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)*:

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify)*:

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| ☐ other: | |

7. **Person who served papers**

  a. Name:           Guillermo Verjan

  b. Address:        4651 Brookhollow Cir., Ste. C, Riverside, CA 92509

  c. Telephone number:  951-353-8281

  d. The fee for service was:  $101.95

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor

      (ii) Registration No:  4169

      (iii) County:  Los Angeles

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  4/23/2018

Guillermo Verjan
_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: RONALD PINEDA | CASE NUMBER: |
| DEFENDANT / RESPONDENT: ABBOTT LABORATORIES, INC., A CORPORATION, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO AND ABBOTT NUTRITION, ET AL. | BC 697204 |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

1) Unsuccessful Attempt: Apr 14, 2018, 8:01 am PDT at HOME: 208 41ST STREET, MANHATTAN BEACH, CA 90266-3141
There was no answer at the door. The house was quiet. I was not able to obtain any useful information from neighbors.

2) Unsuccessful Attempt: Apr 16, 2018, 7:13 pm PDT at HOME: 208 41ST STREET, MANHATTAN BEACH, CA 90266-3141
There was no answer at the door. The house was dark inside and no activity was seen or heard.

3) Unsuccessful Attempt: Apr 18, 2018, 6:49 pm PDT at HOME: 208 41ST STREET, MANHATTAN BEACH, CA 90266-3141
There was no answer at the door. The house was quiet. There was a UPS package in plain sight at the front door that had the subject's name on it.

4) Unsuccessful Attempt: Apr 20, 2018, 8:59 am PDT at HOME: 208 41ST STREET, MANHATTAN BEACH, CA 90266-3141
The subject was not home at this time per Whitney Mazzenga, co-occupant.

5) Successful Attempt: Apr 20, 2018, 9:00 am PDT at HOME: 208 41ST STREET, MANHATTAN BEACH, CA 90266-3141
The documents were sub-served on Whitney Mazzenga, co-occuant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   4/23/2018

Guillermo Verjan
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for   ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent   ☐ Other (Specify):

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]
Job: 2190904

ATTACHED DECLARATION

Page 1 of 1

MC-031

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | RONALD PINEDA | CASE NUMBER: |
| DEFENDANT / RESPONDENT: | ABBOTT LABORATORIES, INC., A CORPORATION, DBA ABBOTT SALES, MARKETING DISTRIBUTION CO AND ABBOTT NUTRITION, ET AL. | BC 697204 |

## DECLARATION OF MAILING

(This form must be attached to another form or court paper before it can be filed in court.)

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS; PLAINTIFF'S COMPLAINT FOR DAMAGES; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE - IC; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

3. By placing a true copy of each document in United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

a.   Date of Mailing:      Fri, Apr 20 2018

b.   Place of Mailing:     Riverside, CA 92509

c.   Addressed as Follows: ALEX MAZZENGA
                           208 41ST STREET
                           MANHATTAN BEACH, CA 90266-3141

4. I am readily familar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on DATE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   4/23/2018

Glenn Grainger
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for     ☐ Plaintiff   ☐ Petitioner   ☐ Defendant
☐ Respondent       ☐ Other (Specify):

MC-031 [Rev.July 1, 2005]                    ATTACHED DECLARATION                    Page 1 of 1
Job: 2190904

EXHIBIT 4

1  Michele J. Beilke (State Bar No. 194098)
2  mbeilke@huntonAK.com
   Julia Y. Trankiem (State Bar No. 228666)
3  jtrankiem@huntonAK.com
4  Rafael N. Tumanyan (State Bar No. 295402)
   rtumanyan@huntonAK.com
5  HUNTON ANDREWS KURTH LLP
6  550 South Hope Street, Suite 2000
   Los Angeles, California 90071-2627
7  Telephone:   213.532.2000
8  Facsimile:   213.532.2020

9  *Attorney for Defendants*
   ABBOTT LABORATORIES INC. dba
10 ABBOTT SALES, MARKETING
   DISTRIBUTION CO and ABBOTT
11 LABORATORIES

12              UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

14

15 RONALD PINEDA,                    Case No. 2:18-cv-3395

16              Plaintiff,           [Removal from Los Angeles County
                                     Superior Court Case No. BC697204]
17       v.
                                     **NOTICE OF REMOVAL OF CIVIL
18 ABBOTT LABORATORIES, INC. a       ACTION TO FEDERAL COURT
   corporation, DBA ABBOTT SALES,    UNDER 28 U.S.C. §§ 1332 AND 1441**
19 MARKETING DISTRIBUTION CO and
   ABBOTT NUTRITION; ABBOTT          [Diversity]
20 LABORATORIES, a corporation; ALEX
   MAZZENGA, and DOES 1 to 100,      [Filed Concurrently with Civil Cover Sheet,
21 inclusive,                        Corporate Disclosure Statement, Notice of
                                     Interested Parties, and Declarations of John
22                                   Berry and Cindy Foster]
              Defendants.
23                                   Complaint Filed: March 7, 2018

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants ABBOTT LABORATORIES INC. dba ABBOTT SALES, MARKETING DISTRIBUTION CO.[1] and ABBOTT LABORATORIES (together, "Abbott") hereby remove the action filed by Plaintiff RONALD PINEDA ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, Case No. BC697204, to the United States District Court for the Central District of California – Western Division.

## JURISDICTION AND VENUE

1.     Abbott asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.[2]  28 U.S.C. §§ 1441(a); 1446(a).

## PROCEDURAL BACKGROUND

3.     On March 7, 2018, Plaintiff Ronald Pineda filed an action against Abbott in the Superior Court for the State of California, County of Los Angeles, as Case No. BC697204, *Ronald Pineda v. Abbott Laboratories, Inc.,* a corporation, *DBA Abbott Sales, Marketing Distribution Co and Abbott Nutrition; Abbott Laboratories,* a corporation; *Alex Mazzenga; and Does 1 to 100, inclusive* (the "State Court Action").

---

[1] Plaintiff erroneously listed Abbott Nutrition as a dba of Abbott Laboratories Inc.   In reality, Abbott Nutrition is a subdivision of Abbott Laboratories; it is not a separate entity.
[2] Abbott's position is that the proper division is the Southern Division, given that Plaintiff is a resident of Orange County and, during the relevant time period, Plaintiff was employed in Orange County.  Transfer to the Southern Division will serve the convenience of witnesses and parties and is in the interest of justice.  Abbott intends on filing a Motion for Intra-District Transfer.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

4.     On March 22, 2018, Plaintiff served the registered agent for service of process of Abbott with copies of the Summons and Complaint.  True and correct copies of these documents, including the service transmittal pages for Abbott, are attached to this Notice as **Exhibit A**.  Exhibit A constitutes all process, pleadings and orders served on Abbott in the State Court Action.

5.     On April 20, 2018, Abbott filed and served an Answer to the Complaint in State Court.  A true and correct copy of Abbott's Answer is attached to this Notice as **Exhibit B**.

6.     Plaintiff served Individual Defendant Alex Mazzenga ("Mazzenga") with a Summons and Complaint on April 20, 2018.

7.     Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Abbott filed this removal within 30 days of its first receipt of a copy of the Summons and Complaint in the State Court Action.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.     The parties are completely diverse in this matter because Plaintiff is a citizen of California and Abbott is exclusively a citizen of Illinois for purposes of removal.

9.     **Plaintiff's Citizenship**.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.    As set forth in the Complaint, Plaintiff "is, and at times mentioned in this Complaint was, a resident of the County of Orange, California."  Complaint, at ¶ 1. As such, Plaintiff is domiciled in, and for purposes of diversity jurisdiction is a citizen of, the State of California (and, more specifically, Orange County).

11.    **Abbott's Citizenship**.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

12.     A corporation's principal place of business is determined under the "nerve center" test.  *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).  Under this test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.*  A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters."  *Id.* at 93.  Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed.  *See, e.g., Tomblin v. XLNT Veterinary Care, Inc.,* 2010 WL 2757311, at *4 (S.D. Cal. 2010).

13.     Abbott is now, and was at the time this action was commenced, a citizen of the States of Illinois and Delaware within the meaning of 28 U.S.C. § 1332.

14.     Abbott Laboratories Inc. is a wholly-owned subsidiary of Abbott Laboratories.  Berry Decl. ¶ 3.

15.     Abbott Sales, Marketing, and Distribution Company is a trade name used by Abbott Laboratories Inc. for its sales, marketing, and distribution activities.  Abbott Nutrition is a division of Abbott Laboratories.  It is not a separate entity.  Berry Decl. ¶¶ 5, 8.

16.     Abbott Laboratories Inc., including its trade names Sales, Marketing, and Distribution Company and Abbott Nutrition, is, and has been at all times since March 7, 2018, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois.  Berry Decl. ¶ 4.

17.     Abbott Laboratories is, and has been at all times since March 7, 2018, incorporated in the State of Illinois with its principal place of business in Illinois.   Berry Decl. ¶ 7.

18.     Accordingly, Abbott is a citizen of the States of Illinois and Delaware, and not a citizen of the State of California.

19. **Alex Mazzenga's Citizenship.** The individual defendant (and the only non-diverse defendant), Mazzenga, is not a proper party to this lawsuit.[3] For purposes of diversity, his citizenship therefore should be disregarded. A non-diverse party named in the state court action may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that the plaintiff can state no cause of action against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, joinder of the resident defendant is fraudulent.").

20. In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations in the Complaint as well as facts presented by the defendant in its notice of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Here, Plaintiff's only claims against Mazzenga are the First Cause of Action for harassment (based on disability/medical condition and age) under the California Fair Employment and Housing Act ("FEHA") and the Seventh Cause of Action for intentional infliction of emotional distress ("IIED"). The allegations of the Complaint and Plaintiff's DFEH charges confirm that no cause of action may properly be maintained against the individual defendant, Mazzenga.

(a) **FEHA Disability and Age Harassment Claim**

21. Government Code section 12960 provides in part, "Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint in writing that shall state *the name and address of the person, employer, labor organization, or employment agency* alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department." (italics added). When the Department has determined that no investigation shall be undertaken, or that it will not issue an accusation

---

[3] Mazzenga joins in the removal of this lawsuit and intends on filing a motion to dismiss the claims against him.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

against the alleged violator, it "shall promptly notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency *named* in the verified complaint within one year from the date of that notice."  Gov. Code, § 12965, subd. (b) (italics added).

22.     "Under the FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department] and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA.…The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under the FEHA. [Citations.]" *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 492.

23.     Plaintiff never listed Mazzenga in the administrative charges that he filed with the California Department of Fair Employment and Housing as an "employer" or "person" against whom the claim was made, nor did he name Mazzenga in the body of the complaint form as one of the alleged perpetrators.  As such, as a matter of law, Plaintiff cannot pursue a disability or age harassment claim against Mazzenga.

24.     Nor can Plaintiff file a new DFEH charge to allege a harassment claim against Mazzenga.  Under the FEHA, a plaintiff must file a timely and sufficient administrative complaint with the DFEH within one year after the unlawful practice occurred.  Cal. Gov't Code § 12960(d).  Here, Plaintiff's last day of employment with Abbott was February 23, 2017.  Foster Decl. ¶ 3.  As such, any filing of a DFEH charge against Mazzenga is now untimely.

### (b)     Intentional Infliction of Emotional Distress Claim

25.     In the Complaint, Plaintiff alleges that, with respect to Mazzenga: (1) in 2016, Abbott, at Mazzenga's direction, "deprived [Plaintiff] of his 'spif' bonus for converting Greater El Monte Hospital in El Monte (located in LA county), which was to be given to a new employee, believed to be under the age of 40, who was not even employed

by Abbott when this process was initiated" (Compl. ¶ 12); (2) Mazzenga "systematically wr[o]te up and harass[ed ] his cohort of older employees" (notably, Mazzenga did not supervise Plaintiff) (Compl. ¶ 18(c)); and (3) per Plaintiff's "belief," Mazzenga allegedly provided information to Plaintiff's supervisor Yvonne Tanner, on which she relied in presenting Plaintiff with a performance improvement plan.  Compl. ¶ 18(j).

26.    As an initial matter, the allegations regarding the spif bonus are time-barred. According to the DFEH complaint that Plaintiff filed, the event involving the spif bonus took place in January 2016 – two years before the filing of the Complaint.  Cal. Code of Civ. Proc. § 335.1.

27.    Plaintiff's IIED claim fails for other reasons as well.  To establish a cause of action for IIED, Plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) [that she] suffer[ed] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . ." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991).

28.    Plaintiff's claim for IIED is barred by the managerial privilege doctrine because Mazzenga was acting within the scope of his employment when the alleged conduct occurred, according to the Complaint. Complaint at ¶ 4. California law explicitly prohibits employees from suing their managers and supervisors for merely discharging their employment duties related to personnel actions. *See Sheppard v. Freeman*, 67 Cal.App.4th 339, 342 (1998); *Reno*, 18 Cal.4th 640; *Jones*, 42 Cal.4th 1158. An individual defendant also cannot be held liable for those same personnel decisions under a common law tort theory.  *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996); *Phillips v. Gemini Moving Specialists*, 63 Cal.App.4th 563, 576 (1998) (no common law tort claim could be stated against individual defendant when a tort has its basis in the employer-employee relationship and the defendant is not plaintiff's employer). All of the actions that Mazzenga allegedly took against Plaintiff, as alleged in the Complaint, are personnel

1  decisions, as all of Plaintiff's claims arise out of calculation of his discipline or his

2  termination.

3      29.    Moreover, Plaintiff cannot establish that any action on the part of Mazzenga

4  was sufficiently "extreme and outrageous" to warrant liability for IIED. "Managing

5  personnel is not outrageous conduct beyond the bounds of human decency, but rather

6  conduct essential to the welfare and prosperity of society." *Janken v. GM Hughes*

7  *Electronics* (1996) 46 Cal.App.4th 55, 80. Additionally, discipline or termination of

8  employment, without more, cannot give rise to liability for intentional infliction of

9  emotional distress. *Buscemi v. McDonnell Douglas Corp.* (9th Cir. 1984) 736 F.2d 1348,

10  1352.  Based on California case law and the allegations in the Complaint, Plaintiff cannot

11  state a cause of action for IIED against Mazzenga.

12      30.    Plaintiff's claim for IIED against Mazzenga is also preempted by the

13  California Workers' Compensation Act. The California Workers' Compensation Act as

14  codified in Labor Code section 3200 *et. seq.* provides a detailed and comprehensive system

15  of remedies for work related injuries that are the "sole and exclusive remedy" for such

16  injuries and are available only in proceedings before the Workers' Compensation Appeals

17  Board. *See* Lab. Code §§3602(a), 5300. Subject to only limited exceptions, none of which

18  are relevant here, workers' compensation is the only remedy available to injured

19  employees against the employer responsible for injuries "arising out of and in the course of

20  employment." Lab. Code §§3600-3602, 5300; *Shoemaker v. Myers,* 52 Cal.3d. 1, 18

21  (1990). Workers' compensation is generally the exclusive remedy for disabling injuries,

22  whether physical or mental, arising from employment or termination of employment. See

23  *Shoemaker*, 52 Cal.3d. at 16. This includes all injuries, whether physical or mental, that are

24  collateral to or derivative of an injury compensable under the California Workers'

25  Compensation Act. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th

26  800, 814-815 (2001).

27      31.    The California Supreme Court has held that claims for IIED related to an

28  employee's discipline or termination, are barred by the exclusive remedy provisions of the

– 7 –

1   Workers' Compensation Act. *Miklosy v. The Regents of the Univ. of Cal.*, 44 Cal.4th 876,

2   902-03 (2008) (Workers' Compensation Act preempted plaintiff employees' claims for

3   IIED allegedly suffered as a result of employer's whistleblower retaliation); *Charles J.*

4   *Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800, 814-815 (2001) (emotional

5   distress allegedly caused by employer's abusive conduct during termination process held

6   "collateral to or derivative of a compensable workplace injury"); *Cole v. Fair Oaks Fire*

7   *Protection Dist.*, 43 Cal.3d 148, 160 (1987) (claims are barred by the Workers'

8   Compensation Act "when the misconduct attributed to the employer is actions which are a

9   normal part of the employment relationship, such as demotions, promotions, criticism of

10  work practices").  An employee cannot "avoid the exclusive remedy provisions of the

11  Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous,

12  harassment, or intended to cause emotional disturbance." *Cole*, 43 Cal. 3d at 160.

13      32.     Here, Plaintiff's IIED claim is preempted because the alleged misconduct

14  upon which he apparently bases his claim are all part of his employment relationship with

15  Abbott – and certainly not related to any relationship with, or conduct by, Mazzenga that

16  was outside the course and scope of his managerial duties. Indeed, to allege that Mazzenga

17  was acting outside the scope of his managerial duties would contradict Plaintiff's statement

18  that Mazzenga's conduct was "within the course and scope of such agency and

19  employment."  Complaint at ¶ 4.

20      33.     In summary, because the only causes of action asserted against Mazzenga are

21  for disability and age harassment and IIED, and because Plaintiff has failed to state a claim

22  against Mazzenga for any of these causes of action, Mazzenga is a "sham defendant"

23  whose citizenship must be disregarded for purposes of diversity jurisdiction.

24      34.     **Doe Defendants**.  Although Plaintiff has also named as defendants Does 1

25  through 100, "[f]or purposes of removal under this chapter, the citizenship of defendants

26  sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v.*

27  *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

28

1  required to join in a removal petition).  Thus, the existence of "Doe" defendants does not

2  deprive the Court of jurisdiction.

3      35.    In conclusion and as set forth above, complete diversity of citizenship exists

4  under 28 U.S.C. § 1332, and removal is proper in this case pursuant to 28 U.S.C. § 1441.

5                          **AMOUNT IN CONTROVERSY**

6      36.    The Complaint alleges claims for: (1) discrimination, harassment, and

7  retaliation based on disability/medical condition (actual, perceived, and/or history of

8  physical disability) and age under the FEHA; (2) failure to engage in the interactive

9  process; (3) failure to provide reasonable accommodation; (4) retaliation for taking leave

10  under the California Family Rights Act ("CFRA"); (5) failure to prevent discrimination,

11  harassment, and retaliation; (6) wrongful termination in violation of public policy; and (7)

12  IIED.  Plaintiff's prayer for relief includes "general and special damages," "exemplary

13  damages," and attorneys' fees.  *See* Compl. p.22, Prayer.

14      37.    Plaintiff's Complaint does not specify the amount that he seeks to recover

15  from Defendants in this action. Where removal is based on diversity of citizenship and the

16  initial pleading seeks a money judgment but does not demand a specific sum, "the notice of

17  removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing

18  defendant "need include only a plausible allegation that the amount in controversy exceeds

19  the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547,

20  554, 574 U.S. --- (2015).

21      38.    In measuring the amount in controversy, the Court must assume that the

22  allegations of the Complaint are true and that a jury will return a verdict in favor of the

23  plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan*

24  *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is

25  the amount that is put "in controversy" by the Complaint, and not how much, if anything,

26  the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986

27  (S.D. Cal. 2005) (*citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347

28  F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages

– 9 –

1   is not what is considered in the removal analysis; rather, it is the amount put in controversy
2   by the plaintiff's complaint)). In determining the amount in controversy, the Court may
3   consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980
4   (9th Cir. 2005).

5          39.     Although Abbott denies the validity and merit of all of Plaintiff's claims and
6   allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an
7   amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of
8   interest and costs, as set forth below:

9          40.     **Lost Earnings**.  If Plaintiff prevails on his claims for discrimination,
10  retaliation, and/or wrongful termination, he potentially could recover the amount he would
11  have earned up through the date of trial, including any benefits or pay increases. *See*
12  Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v.*
13  *S. Pac. Co.,* 1 Cal. 3d 600, 607 (1970).

14         41.     Based on Plaintiff's claims for lost earnings alone, it is more likely than not
15  that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required
16  for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff alleges that as a
17  consequence of Abbott's conduct, "Plaintiff has suffered and will suffer harm, including
18  lost past and future income and employment benefits… and lost wages… as well as
19  interest on unpaid wages…" Compl. ¶ 22.  At the time of his separation from employment,
20  Plaintiff's annual salary was $134,772.55.  Foster Decl. ¶ 3.  Therefore, Plaintiff's accrued
21  lost wages to date, based on Plaintiff's gross earnings for the period from his termination
22  on February 23, 2017 (Foster Decl. ¶ 3) to the date of this removal (approximately 60
23  weeks) is **$155,506.79**.  This is a conservative estimate, as lost wages will continue to
24  accrue through the date of trial.  In any event, Plaintiff's claim for lost earnings alone is
25  already well above the $75,000.00 threshold.

26         42.     **Emotional Distress Damages**.  Plaintiff also alleges that he has suffered
27  "humiliation, emotional distress, and mental and physical pain and anguish" and seeks
28  damages related to same. *See, e.g.,* Compl. ¶ 73.  Plaintiff's potential recovery of such

1  damages further augments the foregoing amount and demonstrates that the jurisdictional

2  prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927,

3  945 (9th Cir. 2001) (holding that emotional distress damages are included in determining

4  amount in controversy).

5        43.    In *Kroske*, the Ninth Circuit found that the district court's conclusion that the

6  plaintiff's "emotional distress damages would add at least an additional $25,000 to her

7  claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus

8  satisfying the amount in controversy requirement "even without including a potential

9  award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from

10 *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least

11 $25,000 to the amount in controversy.

12       44.    **Punitive (Exemplary) Damages**.  Plaintiff also seeks an award of punitive

13 damages.  *See*, *e.g.*, Compl. ¶ 74.  "In determining the amount in controversy, the court

14 must consider the amount of actual and punitive damages."  *Nasiri v. Allstate Indem. Co.*,

15 41 Fed. Appx. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945

16 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the

17 amount in controversy in a civil action.").   In California employment discrimination cases,

18 punitive damages in verdicts for the plaintiff often exceed the amount in controversy

19 threshold by themselves.  *See*, *e.g.*, *Sawyer*, 2015 WL 3929695, at *2 (C.D. Cal. 2015)

20 (denying remand because Plaintiff cited California "employment discrimination cases

21 where plaintiffs were awarded from $50,000 to $7.5 million in punitive damages.").  A

22 single-digit ratio (i.e., no more than nine-to-one) is typically appropriate for an award of

23 punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

24       45.    Jury verdicts in California cases involving factual allegations similar to those

25 here demonstrate that were Plaintiff to prove the allegations of the Complaint and prevail at

26 trial, his punitive damages could bring the amount in controversy to well over the $75,000

27 threshold.

28

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1     46.  **Attorneys' Fees**. Plaintiff also seeks attorneys' fees which may be awarded

2 under the FEHA. *See* Cal. Gov't Code § 1295(b). "[W]here an underlying statute

3 authorizes an award of attorneys' fees, either with mandatory or discretionary language,

4 such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*,

5 142 F.3d 1150, 1156 (9th Cir. 1998).

6     47.  Plaintiff's Complaint alleges multiple violations of the Fair Employment and

7 Housing Act, which authorizes an award of reasonable attorneys' fees to a prevailing

8 plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely

9 calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v.*

10 *PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in

11 individual discrimination cases often exceed the damages").

12     48.  Any estimate of attorney's fees includes fees over the life of the case, not just

13 the fees incurred at the time of removal. *Id.* "Recent estimates for the number of hours

14 expended through trial for employment cases in [the Central District of California] have

15 ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative

16 estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging

17 wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x

18 $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB

19 (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. 2015) (citations omitted). Thus,

20 Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy.

21     49.  **Total Amount in Controversy**. Consequently, a preponderance of the

22 evidence demonstrates that the amount in controversy exceeds $75,000, exclusive of

23 interest and costs. Plaintiff has put at least **$155,506.79** in controversy with her claims for

24 lost wages alone. Although no amount has been specified for Plaintiff's claims of

25 emotional distress damages, punitive damages or attorneys' fees, any one of these claims,

26 on its own, could exceed $75,000, exclusive of interest and costs, in a discrimination and

27 wrongful termination lawsuit. Plaintiff's claims collectively make it facially plain that

28 Plaintiff is *seeking* far more than the minimum amount needed to meet the amount in

controversy requirement. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## NOTICE

As required by 28 U.S.C. § 1446(d), Abbott is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

**WHEREFORE**, Abbott hereby removes from Los Angeles County Superior Court Case No. BC697204 to the United States District Court for the Central District of California.

DATED:  April 23, 2018                    HUNTON ANDREWS KURTH LLP


                                          By: */s/ Julia Y. Trankiem*
                                          Julia Y. Trankiem
                                          *Attorney for Defendants*
                                          ABBOTT LABORATORIES INC. dba
                                          ABBOTT SALES, MARKETING
                                          DISTRIBUTION CO and ABBOTT
                                          LABORATORIES

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

EXHIBIT 5

**William Reed**

---

**From:** Jose Castro
**Sent:** Tuesday, May 1, 2018 4:20 PM
**To:** jtrankiem@HuntonAK.com; mbeilke@HuntonAK.com
**Cc:** William Reed; Anthony Nguyen
**Subject:** FW: Pineda v. Abbott Labs Inc., et al.
**Attachments:** PLTF.LETTER.5.1.18 - M&C RE REMAND (PINEDA).pdf

Hello Counsel,

I believe I listed an incorrect email address in my last email. Please attached and below.

Thank you,

Jose Castro | Paralegal
225 Santa Monica Boulevard, Suite 700 | Santa Monica, California 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
jcastro@shegerianlaw.com | shegerianlaw.com



Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** Jose Castro
**Sent:** Tuesday, May 1, 2018 4:14 PM
**To:** Beilke, Michele J. <MBeilke@ReedSmith.com>; 'rtumanyan@reedsmith.com' <rtumanyan@reedsmith.com>; 'jtrankiem@HuntonAK.com' <jtrankiem@HuntonAK.com>
**Cc:** William Reed <wreed@shegerianlaw.com>; Anthony Nguyen <anguyen@shegerianlaw.com>
**Subject:** Pineda v. Abbott Labs Inc., et al.

Dear Counsel,

Attached please find a courtesy copy of Plaintiff's Meet and Confer letter that was served via U.S. mail on May 1, 2018. Should you have difficulties opening the attached please contact me as soon as possible.

Thank you,

# SHEGERIAN & ASSOCIATES, INC.

May 1, 2018

**SENT BY U.S. MAIL AND EMAIL**

Michele J. Beilke, Esq.
Julie Y. Trankiem, Esq.
Rafael N. Tumanyan, Esq.
HUNTON ANDREWS KURTH LLP
550 Hope Street, Suite 2000
Los Angeles, CA 90071

   Re:   *Pineda v. Abbott Labs Inc., et al.*

Dear Counsel:

I write this letter pursuant to Local Rule 7-3 of the Central District of California in an effort to meet and confer regarding your recent action taken to remove this matter to federal court, and our intention to have the case remanded.

As your likely aware, the party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal. (*Santa Cruz Cnty. v. Rattlesnake Props.*, LLC, 2017 U.S. Dist. LEXIS 15791, *8 (N.D. Cal. 2017).) Likewise, the removing parties on ground of diversity have the burden of showing the necessary elements. (*Ironshore Specialty Ins. Co. v. Maison Reeves Homeowners Ass'n*, 2017 U.S. Dist. LEXIS 61241, *7 (C.D. Cal. 2017).)

Defendants claim that Mr. Alex Mazzenga is a "sham" defendant, *i.e.*, that he was fraudulently jointed. Not only is this false, but proving a "fraudulent joinder" is a <u>very</u> difficult task. "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." (*Plute v. Roadway Package Sys., Inc.,* 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001).)

///

///

Michele J. Beilke, Esq.
Julie Y. Trankiem, Esq.
Rafael N. Tumanyan, Esq.

Page | 2 of 2

Defendants further claim that "[t]he allegations of the Complaint and Plaintiff's DFEH charges confirm that no cause of action may properly be maintained against" Mr. Mazzenga in regards to Plaintiff's Harassment and IIED causes of action. In doing so, Defendants ignore the fact they must show that the claim against Mr. Mazzenga "simply has no chance of success, whatever the plaintiff's motives." (*Randall v. Wells Fargo Home Mortg*., 2015 U.S. Dist. LEXIS 187245, *2 (C.D. Cal. 2015).) "[A] 'colorable' claim against a non-diverse defendant [however] bars removal under the fraudulent join-der doctrine; 'doubtful questions' of law must be determined in state court."   (*Schrock v. Taser Int'l, Inc.*, 2014 U.S. Dist. LEXIS 176326, *6 (C.D. Cal. 2016).) The law support-ing this blackletter mantra, goes on and on. Defendants <u>cannot</u> meet this high and heavy burden.

We are available to meet and confer regarding Plaintiff's Motion to Remand on the fol-lowing dates and times: May 2, 2018 at 3:00 p.m. and May 4, 2018 at 3:30 p.m. Please advise if any of these dates are convenient for you. If not, please suggest alternative dates. Based on the above, the Plaintiff requests that the Defendants stipulate to the re-mand of this matter to state court. Please let us know whether you are willing to do so by close of business on Tuesday, May 8, 2017.

Otherwise, we will have no choice but to file a motion to remand and move for monetary sanctions as soon as the Local Rule 7-3 meet and confer period passes. We look forward to hearing from you.

Very truly yours,

**SHEGERIAN & ASSOCIATES**

Carney R. Shegerian

CRS/wr

# EXHIBIT 6

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

March 23, 2017

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 791167-280176
Right to Sue: Pineda /

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962,
DFEH will not serve these documents on the employer.  You or your attorney must
serve the complaint.  If you do not have an attorney, you must serve the complaint
yourself. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

March 23, 2017

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 791167-280176
Right to Sue: Pineda /

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

March 23, 2017

LRonald Pineda
24231 Mimosa
Laguna Niguel, California 92677

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 791167-280176
Right to Sue: Pineda /

Dear LRonald Pineda,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 23, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                           GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

Enclosures

cc: Abbott Laboratories Yvonne Tanner

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of          DFEH No. 791167-280176
LRonald Pineda, Complainant.
24231 Mimosa
Laguna Niguel,  California  92677

vs.

, Respondent.
100 Abbott Park  Road, Dept 069M, Bldg. 6B-1
Abbott Park,  Illinois 60064  _____

Complainant alleges:

1. Respondent is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).   Complainant believes respondent is subject to the FEHA.

2. On or around **February 23, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied reasonable accommodation, Terminated,** .  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Disability, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **LRonald Pineda** resides in the City of **Laguna Niguel**, State of **California**.  If complaint includes co-respondents please see below.

DFEH 902-1

-5-

Date Filed: March 23, 2017

1

2   **Co-Respondents:**
     Abbott Laboratories
3    Yvonne Tanner
     2628 Maple Ave.
4    Northbrook  Illinois 60062

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint ± DFEH No. 791167-280176*

Date Filed: March 23, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Following years of positive performance reviews, I was suddenly written up and unfairly placed on performance improvement plans that were designed to provide a pretext for my termination. Following these acts, the company terminated my employment because of my age (over 40/protected class), disability and in retaliation for having made both oral and written complaints regarding age and disability discrimination. Furthermore, my requests for reasonable accommodations for my disability were denied and the company failed to enter into the interactive process with me to locate appropriate accommodations. These actions were spearheaded by company executives including my manager, Yvonne Tanner.

Date Filed: March 23, 2017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

VERIFICATION

I, **L. Ronald Pineda**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On March 23, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Laguna Niguel, CA  92677**
**L. Ronald Pineda**

DFEH 902-1

-8-

*Complaint ± DFEH No. 791167-280176*

Date Filed: March 23, 2017

# EXHIBIT 7



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

January 29, 2018

Carney Shegerian
225 Santa Monica Boulevard Ste. 700
Santa Monica, California 90401

RE:  **Notice to Complainant's Attorney**
     DFEH Matter Number: 791167-280176
     Right to Sue: Pineda / Tanner et al.

Dear Carney Shegerian:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Ronald Pineda                                    DFEH No. 791167-280176

                              Complainant,

vs.

Yvonne Tanner
2628 Maple Ave.
Northbrook, Illinois 60062

Abbott Sales, Marketing & Distribution Co.
24231 Mimosa Drive
Laguna Niguel, California 92677

Abbott Laboratories
24231 Mimosa Drive
Laguna Niguel, California 92677

Ross Laboratories
24231 Mimosa Drive
Laguna Niguel, California 92677

Abbott Nutrition
24231 Mimosa Drive
Laguna Niguel, California 92677

Sue Gutech
24231 Mimosa Drive
Laguna Niguel, California 92677

Cindy Unknown
24231 Mimosa Drive
Laguna Niguel, California 92677

Kirk Arnold
24231 Mimosa Drive
Laguna Niguel, California 92677

-1-

*Complaint – DFEH No. 791167-280176*

Date Filed: March 23, 2017
Date Amended: January 29, 2018

Frank Weiss
24231 Mimosa Drive
Laguna Niguel, California 92677

Sharon Larson
24231 Mimosa Drive
Laguna Niguel, California 92677

Abbott Laboratories, d.b.a. Abbott Sales,
Marketing & Distribution Co.
24231 Mimosa Drive
Laguna Niguel, California 92677

_____    Respondents.

1. Respondent **Yvonne Tanner** is an **employer**      subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Ronald Pineda**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **February 23, 2017**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra), disability (physical or mental), age (40 and over), other and as a result of the discrimination was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions, denied reasonable accommodation for a disability, denied family care or medical leave (cfra), partial recommendation for subsequent employment in retaliation for filing discrimination or harassment complaints.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in

-2-
*Complaint – DFEH No. 791167-280176*

Date Filed: March 23, 2017
Date Amended: January 29, 2018

making employment decisions, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Per Mr. Pineda: Following years of positive performance reviews, I was suddenly written up and unfairly placed on performance improvement plans that were designed to provide a pretext for my termination. Following these acts, the company terminated my employment because of my age (over 40/protected class), disability and in retaliation for having made both oral and written complaints regarding age and disability discrimination. Furthermore, my requests for reasonable accommodations for my disability were denied and the company failed to enter into the interactive process with me to locate appropriate accommodations. These actions were spearheaded by company executives including my manager, Yvonne Tanner.

Other harms include: failure to engage in a good faith, interactive process, failure to provide reasonable accommodations, and denied a work environment free if harassment.

Date Filed: March 23, 2017
Date Amended: January 29, 2018

VERIFICATION

I, **Iris Elias Salem**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On January 29, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**

-4-
*Complaint – DFEH No. 791167-280176*

Date Filed: March 23, 2017
Date Amended: January 29, 2018

# EXHIBIT 8



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                                                                                         DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

May 10, 2018

Carney Shegerian
225 Santa Monica Boulevard Ste. 700
Santa Monica, California 90401

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 791167-280176
      Right to Sue: Pineda / Abbott Laboratories, d.b.a. Abbott Sales, Marketing &
      Distribution Co.

Dear Carney Shegerian:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Ronald Pineda                                                    DFEH No. 791167-280176

                        Complainant,

vs.

Abbott Laboratories, d.b.a. Abbott Sales,
Marketing & Distribution Co.
24231 Mimosa Drive
Laguna Niguel, CA 92677

Alex Mazzenga
24231 Mimosa Drive
Laguna Niguel, California 92677

Yvonne Tanner
2628 Maple Ave.
Northbrook, Illinois 60062

Abbott Sales, Marketing & Distribution Co.
24231 Mimosa Drive
Laguna Niguel, CA 92677

Abbott Laboratories
24231 Mimosa Drive
Laguna Niguel, CA 92677

Ross Laboratories
24231 Mimosa Drive
Laguna Niguel, CA 92677

Abbott Nutrition
24231 Mimosa Drive
Laguna Niguel, CA 92677

Sue Gutech
24231 Mimosa Drive

-1-
*Complaint – DFEH No. 791167-280176*

Date Filed: March 23, 2017
Date Amended: May 10, 2018

Laguna Niguel, California 92677

Cindy Unknown
24231 Mimosa Drive
Laguna Niguel, California 92677

Kirk Arnold
24231 Mimosa Drive
Laguna Niguel, California 92677

Frank Weiss
24231 Mimosa Drive
Laguna Niguel, California 92677

Sharon Larson
24231 Mimosa Drive
Laguna Niguel, California 92677

Respondents.

1. Respondent **Abbott Laboratories, d.b.a. Abbott Sales, Marketing & Distribution Co.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Ronald Pineda**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **February 23, 2017**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over), other and as a result of the discrimination was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), partial recommendation for subsequent employment in retaliation for filing discrimination or harassment complaints.

-2-
*Complaint – DFEH No. 791167-280176*

Date Filed: March 23, 2017
Date Amended: May 10, 2018

1

2

3

4

5

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

6

7

8

9

10

11

12

**Additional Complaint Details:** Per Mr. Pineda: Following years of positive performance reviews, I was suddenly written up and unfairly placed on performance improvement plans that were designed to provide a pretext for my termination. Following these acts, the company terminated my employment because of my age (over 40/protected class), disability and in retaliation for having made both oral and written complaints regarding age and disability discrimination. Furthermore, my requests for reasonable accommodations for my disability were denied and the company failed to enter into the interactive process with me to locate appropriate accommodations. These actions were spearheaded by company executives including my manager, Yvonne Tanner.

13

14

Other harms include: failure to engage in a good faith, interactive process, failure to provide reasonable accommodations, and denied a work environment free if harassment.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date Filed: March 23, 2017
Date Amended: May 10, 2018

VERIFICATION

I, **Iris Elias Salem**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On May 10, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**

*Complaint – DFEH No. 791167-280176*

Date Filed: March 23, 2017
Date Amended: May 10, 2018

**PINEDA V. ABBOTT LABS, et al.**      **USDC Case No. 18-cv-03395-SVW-RAO**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On May 21, 2018, I served the foregoing document, described as **"DECLARATION OF WILLIAM REED IN SUPPORT OF PLAINTIFF RONALD PINEDA'S MOTION AND MOTION FOR AN ORDER REMANDING THIS MATTER TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES,"** on all interested parties in this action by placing true copies thereof in sealed envelopes, addressed as follows:

**Michele J. Beilke, Esq.**
**Julie Y. Trankiem, Esq.**
**Rafael N. Tumanyan, Esq.**
**HUNTON ANDREWS KURTH, LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071**

☒     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2018, at Santa Monica, California.

_____
Jose Castro