**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD PINEDA,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ABBOTT LABORATORIES INC., DBA Abbott Nutrition, DBA Abbott Sales, Marketing Distribution Co., a corporation; et al.,<br><br>　　　　Defendants-Appellees. | No.　19-55019<br><br>D.C. No.<br>2:18-cv-03395-SVW-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 19, 2020
Pasadena, California

Before: BERZON and COLLINS, Circuit Judges, and KATZMANN,[**] Judge.

Ronald Pineda appeals the district court's denial of his motion to remand to state court and dismissal on summary judgment of his claims that Abbott

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Laboratories ("Abbott") failed to accommodate his disabilities, discriminated against him on the basis of age and disability, and engaged in retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of the motion to remand, *Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1047 (9th Cir. 2015), and the district court's grant of summary judgment, *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). We affirm the district court's denial of remand and grant of summary judgment on the reasonable accommodation, disability discrimination, and retaliation claims under the Fair Employment and Housing Act ("FEHA"). We reverse summary judgment on the age discrimination claim.

**1.** The district court properly held that Abbott met its burden of showing that Pineda did not sufficiently plead harassment and intentional infliction of emotional distress ("IIED") claims against Alex Mazzenga, the only non-diverse defendant. The district court thus properly denied the motion to remand to state court because diversity was complete. 28 U.S.C. § 1332.

Pineda failed to allege facts in his complaint sufficient to plead a harassment claim. Mazzenga's alleged conduct arose "out of the performance of necessary personnel management duties," *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63–64 (1996), and did not rise to the level of the pervasive hostility recognized by the California Supreme Court in *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709

2

(2009), *as modified* (Feb. 10, 2010). Additionally, Pineda did not allege facts sufficient to plead the outrageous conduct required for a claim of IIED. *See Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987).

The district court ruled on the motion for remand on the basis of the complaint before it. Pineda cites no case law requiring the district court to allow Pineda to amend his complaint with respect to the fraudulently joined, non-diverse defendant upon denial of remand. We affirm the district court's denial of remand to state court.

**2.** The district court properly granted summary judgment for Abbott on Pineda's reasonable accommodation claim. It is undisputed that, following Pineda's traumatic brain injury, Abbott provided Pineda with eleven out of twelve accommodations requested during the interactive process. Pineda argues that Abbott failed to provide the twelfth requested accommodation, four-hour work days for a period of six weeks. The record, however, makes clear that Abbott accommodated a four-hour work day for an initial two-week period, after which Pineda's doctor cleared him to return to full-time work. Pineda testified that he did not disagree with what his doctor wrote. The record, therefore, establishes that Pineda did not need the full requested accommodation of six weeks of part-time work, and thus that Abbott did not unreasonably deny it. We affirm the district

court's grant of summary judgment for Abbott on the reasonable accommodation claim.

**3.** The district court properly granted summary judgment for Abbott on Pineda's disability discrimination claim. Pineda made a sufficient showing that he suffered from a disability and is otherwise qualified for his position, but he failed to present a genuine issue of material fact as to whether "he was subjected to adverse employment action because of his disability." *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007) (quoting *Deschene v. Pinole Point Steel Co.,* 76 Cal. App. 4th 33, 44 (1999)).

To show he was subjected to an adverse employment action because of his disability, Pineda points to (1) a supervisor's criticism of him for sighing, (2) a supervisor's comments on his performance at meetings, (3) an email from his supervisor that his medical leave put him further behind on performance, (4) an alleged deficiency in Abbott's discrimination investigation with respect to failing to interview his supervisor, and (5) Abbott's termination of him after his medical leaves. However, it is undisputed that the supervisor was unaware of any disability when criticizing Pineda for sighing; nothing in the comments about meeting performance by a second supervisor suggested disability discrimination; and the email was a true factual statement and expressed support for Pineda during a tough time, context which Pineda failed to include in his briefs. The alleged procedural

misstep in the investigation falls far short of showing discrimination based on disability, pertained to a different disability than the one at issue immediately prior to his termination, and was far in time from the termination.  Lastly, it is undisputed that Abbott initiated the first performance improvement plan, the precursor to his termination, before Pineda took medical leave and informed Abbott of his disabilities.  Pineda presents no record evidence raising a genuine issue as to whether any of Abbott's comments or actions were discriminatory toward his disabilities, and more importantly, presents no record evidence tying the adverse employment action, termination, to the disability at issue in late 2016 and early 2017, his traumatic brain injury.  We thus affirm the district court on this claim.

**4.**  The district court properly granted summary judgment for Abbott on Pineda's retaliation claims because Abbott established that no genuine issue of material fact exists as to whether Pineda could make a showing of pretext.

Even assuming arguendo that Pineda made a prima facie case, we conclude that the district court correctly held that he failed to raise a triable issue of fact as to whether Abbott's proffered non-retaliatory motive, poor performance, was a pretext for retaliation.  As evidence of pretext, Pineda points to his supervisor's role in his termination, alleged defects in Abbott's investigations into his complaints, allegations that younger employees were treated differently,  Abbott's

alleged failure to train his supervisor on retaliation policies, the timing of his termination, and his history of strong performance. Pineda, however, does not point to any evidence that his poor performance reviews did not predate the protected activity or that Abbott did not investigate all his complaints but one (which was far-removed in time from his termination and was made to a supervisor instead of to Employee Relations). The protected activity responded to two strongly negative performance evaluations; such evaluations, the record indicates, are usually followed by discipline or termination, negating an inference of pretextual retaliation for the post-evaluations protected activity.

      Lastly, to establish pretext, Pineda points to a history of strong performance. But that history involved accomplishments prior to and during 2011, well before the protected activity.

      As there is no record evidence presenting a genuine issue of material fact as to whether Abbott took an adverse employment action against Pineda in retaliation for protected activity, we affirm the grant of summary judgment for Abbott on the retaliation claim.

      **5.** The district court erred by granting summary judgment for Abbott on Pineda's age discrimination claim. Pineda made a prima facie showing as to age discrimination, and genuine disputes of material fact exist as to pretext on that claim.

Pineda has satisfied the first three criteria for a prima facie case of age discrimination under the FEHA. Pineda was over 40 and suffered an adverse employment action, and Abbott does not challenge his ability to "demonstrate some basic level of competence at his . . . job . . . based on objective, rather than subjective, criteria." *Sandell v. Taylor-Listug, Inc.*, 188 Cal. App. 4th 297, 321–22 (2010).

The district court applied the wrong standard in holding that Pineda failed to satisfy the fourth criterion, that the termination occurred under circumstances suggestive of unlawful discrimination. *See id.* at 321. To satisfy the fourth prong at the prima facie stage, the record evidence need only show that Pineda was replaced by a substantially younger employee or that a genuine dispute exists as to whether this was the case. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996); *Sandell*, 188 Cal. App. 4th at 321; *Hersant v. Dep't of Social Services*, 57 Cal. App. 4th 997, 1003 (1997). Here, the parties do not dispute that Pineda "was replaced by a younger female—who is younger than forty—after he was terminated." Abbott, therefore, cannot meet its burden of showing that the record does not support a prima facie case of age discrimination.

Because the parties do not dispute that Abbott can produce admissible evidence to show the adverse employment action was taken for non-discriminatory reasons and can thereby satisfy the second step of the *McDonnell Douglas*

framework, we proceed to the third step: Did Pineda raise a triable issue of fact as to whether Abbott's proffered reason for terminating Pineda is pretext? *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355–56 (2000). By giving great weight to subjective, cumulative performance reviews and failing to account for conflicting "me too" evidence and accounts of bias, the district court erred in concluding that there was no genuine dispute of material fact as to whether Abbott's non-discriminatory rationale was pretextual.

Complaints and performance evaluations are "often subjective" and may be "motivated by discriminatory animus." *Sandell*, 188 Cal. App. 4th at 316. The record evidence demonstrates that, on some (but not all) objective criteria, Pineda performed poorly, and Abbott is correct that such evidence could persuade a reasonable jury to find that Abbott's actions were not pretextual. But there is additional evidence in the record that could lead a rational jury to *find* pretext, and summary judgment was therefore improper.

For example, as to the negative evaluations, Pineda challenged some of the examples set forth in his performance reviews at the time, but his supervisors did not respond to his emails containing the challenges. Pineda also argued at the time and maintains now that at least one of the goals set forth in his performance improvement plan, conversion of the Kaiser account in the immediate future, was

intended to set him up to fail. Although that goal was changed, a factfinder could still infer a pretextual motive from the fact that it was established at the outset.

Additionally, "me too" evidence—here, declarations by other employees, including two supervisors, alleging adverse employment actions against other employees for discriminatory reasons—may "constitute substantial evidence requiring reversal of [summary] judgment." *Johnson v. United Cerebral Palsy/Spastic Children's Found. of Los Angeles & Ventura Ctys.*, 173 Cal. App. 4th 740, 759 (2009). The record contains such evidence, although some of it was qualified by the declarants in later declarations. Contrary to what Abbott suggests, the submission of those later declarations does not eliminate the need for a trial to sort out the importance of this evidence.

Similarly, an executive within the organization stated in a declaration that she was instructed to "manage out" more senior, higher salaried employees who were usually older—by inventing performance problems and assigning unattainable goals. She later, in another declaration, retracted one paragraph of the declaration and made statements qualifying other parts of her original declaration.

The conflicting accounts by the five declarants create a credibility question regarding the weight to be accorded the contradictory evidence they provided, one best suited for trial. Although Abbott asserts that the "me too" declarations are not relevant because two of the declarants did not share any of Pineda's supervisors,

two of the declarants *did* share supervisors, and all of the declarations may offer relevant information about organizational practices. The conflicting declarations with "me too" evidence and evidence of biased policies, coupled with the subjective nature of the performance evaluations, create a genuine issue of material fact as to pretext for discriminatory animus such that summary judgment on the age discrimination claim was improper.

For the foregoing reasons, the district court's denial of remand to state court is affirmed; the district court's grant of summary judgment for Abbott as to the reasonable accommodation, disability discrimination, and retaliation claims is affirmed; and the district court's grant of summary judgment as to the age discrimination claim is reversed.

The parties shall bear their own costs on appeal.

**AFFIRMED** in part and **REVERSED** in part.